**Gregg MOORE, Plaintiff–Appellant,**

**v.**

**Maria Rose BLAIR, et al., Defendants–Appellees.**

**No. 14–1162.**

United States Court of Appeals, Seventh Circuit.

Submitted June 4, 2014.*

Decided June 4, 2014.

Rehearing Denied June 23, 2014.

Gregg Moore, Chicago, IL, pro se.

Before RICHARD A. POSNER, Circuit Judge, JOEL M. FLAUM, Circuit Judge, and DIANE S. SYKES, Circuit Judge.

### ORDER

Gregg Moore, who apparently is a recently naturalized citizen from Nigeria, appeals the dismissal of his civil-rights suit for lack of subject-matter jurisdiction. We dismiss the appeal for failure to file an adequate brief.

The background facts of this suit are murky. As best we can tell from the brief and record, Moore filed a petition for United States citizenship that was denied in 2009. He responded by initiating a civil-rights lawsuit in late 2011 that vaguely challenged the denial of his petition and

two Illinois convictions (one in 2005 for battery and another in 2011 for resisting a police officer). Whatever problems Moore faced in his citizenship petition apparently were resolved (the record includes a letter from U.S. Citizenship and Immigration Services inviting him to attend a naturalization ceremony in November 2013), and Moore amended his form complaint, asking the district court to vacate his criminal convictions and backdate his citizenship to 2009. The court held a hearing and then dismissed the suit for want of jurisdiction, citing "the reasons stated in open court" and the *Rooker–Feldman* doctrine. *See Dist. of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923).

On appeal, Moore maintains that his state-court convictions should be vacated and his citizenship backdated, but he fails to specify any error on the district court's part and neglects even to provide a transcript of the hearing in which the court explained its decision. We give pro se appellants leeway and do our best to discern the legal basis for their arguments, but an appellant must articulate some ground for challenging the judgment. *See* FED.R.CIV.P. 28(a)(8); *Anderson v. Hardman,* 241 F.3d 544, 545–46 (7th Cir.2001). Moore's failure to do so means that we have nothing to review.

DISMISSED.